# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JANUARY SESSION, 1998

FILED

February 11, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 01C01-9701-CR-00037 |
| | ) | |
| Appellee, | ) | |
| | ) | DAVIDSON COUNTY |
| V. | ) | |
| | ) | HON. THOMAS H. SHRIVER, |
| | ) | JUDGE |
| CHRISTOPHER L. PARKER, | ) | |
| | ) | |
| Appellant. | ) | (AGGRAVATED ASSAULT) |

FOR THE APPELLANT:           FOR THE APPELLEE:

**F. MICHIE GIBSON, JR.**
1416 Parkway Towers
404 James Robertson Parkway
Nashville, TN 37219

**JOHN KNOX WALKUP**
Attorney General & Reporter

**DARYL J. BRAND**
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN 37243

**VICTOR S. JOHNSON, III**
District Attorney General

**PAMELA ANDERSON**
Assistant District Attorney General
200 Washington Square, Suite 500
222 Second Avenue North
Nashville, TN 37201-1649

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Defendant, Christopher L. Parker, appeals as of right his conviction following a jury trial in the Davidson County Criminal Court. Defendant was convicted of aggravated assault by reckless conduct, a Class D felony. In the indictment, Defendant was charged with aggravated assault by intentional or knowing conduct, a Class C felony. Following the proof at trial, the trial court instructed the jury on the lesser grade offense of aggravated assault by reckless conduct, and the jury convicted Defendant of the Class D felony. On appeal, the Defendant (1) challenges the sufficiency of the evidence to sustain the conviction and (2) argues that aggravated assault by reckless conduct was not a crime at the time the offense was committed, therefore the trial court erred by charging the jury on the lesser grade offense. We affirm the judgment of the trial court.

When an accused challenges the sufficiency of the convicting evidence, the standard is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). On appeal, the State is entitled to the strongest legitimate view of the evidence and all inferences therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982); State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973).

Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact, not this court. State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App.), perm. to appeal denied, id. (Tenn. 1987). Nor may this court reweigh or reevaluate the evidence. Cabbage, 571 S.W.2d at 835. A jury verdict approved by the trial judge accredits the State's witnesses and resolves all conflicts in favor of the State. Grace, 493 S.W.2d at 476.

The Defendant argues that the injuries sustained by the victim in this case do not constitute "serious bodily injury" and, therefore, the verdict cannot support a finding of reckless aggravated assault. Under Tennessee Code Annotated section 39-13-102(a)(2), a person who "recklessly commits an assault as defined in § 39-13-101(a)(1), and causes serious bodily injury to another" commits the offense of aggravated assault. An assault is defined as "intentionally, knowingly or recklessly caus[ing] bodily injury to another." Tenn. Code Ann. § 39-13-101(a)(1).

The Defendant contests the sufficiency of the evidence only as to the proof regarding the extent of the victim's bodily injuries. As less than the full record was sufficient to convey a fair, accurate and complete account of those issues that are the bases of this appeal, the record for this court is condensed from the actual trial proceedings. Tenn. R. App. P. 24(a). The proof showed that the Defendant and others assaulted the victim, Charles Williams, on the night of October 30, 1993 at the Family Inn motel in Nashville. During the assault, Williams was hit with either a fist or a bottle across the bridge of the nose. As a result of the attack, Williams described his injuries as a broken nose, shattered and displaced, a big cut on the bridge of his nose and a missing front tooth. He described his injuries from

the assault as "very painful," and stated that the pain continued for ten (10) days. He was transported by ambulance to the Summit Medical Center in Donelson. Williams described that twice a day for several months following the assault, he had to stand in front of the mirror and push his nose back and forth to try to line up his nose so that it would heal correctly. The swelling did not completely subside until one (1) year after the assault. Including a root canal, Williams had several surgeries performed to treat these injuries, including plastic surgery on his nose. Williams still has a scar on his nose.

Dr. Debra Holt is an emergency medicine physician at Summit Medical Center. She treated the victim on October 30, 1993. Initially, Holt noticed that Williams had a swollen nose, swelling and bruising around the left eye and cheek area, and some bleeding from the nose. The victim suffered from a periorbital contusion, which is bruising around the eye with swelling. There was a cut across the nose, almost an inch long. The bleeding from that cut had been significant. Even before performing x-rays, it was obvious that the victim's nose was broken. The nose was deviated to the right side of his face, swollen and flattened. The victim was missing his left front central incisor tooth, which had been broken off totally to the gum. Holt described this injury as a "true emergency" as certain serious complications can result from that injury very quickly if the victim does not visit a dentist. The tooth could die from loss of blood supply or from an abscess.

Dr. Holt specifically described the tooth injury as "very painful for him that night." When Holt described the victim's severe nasal fracture with much deformity, she stated that it was broken into several pieces. Holt described this particular type of broken nose as "severe" and a "very painful type fracture."

The Defendant contends that the medical proof at trial did not support the findings of the necessary elements of aggravated assault as according to the statute. He argues that the broken nose and lost tooth do not rise to the level of serious bodily injury. In support of his argument, the Defendant cites a recent case in which this court held that the evidence was insufficient to find serious bodily injury necessary for an especially aggravated robbery conviction. See State v. Sims, 909 S.W.2d 46 (Tenn. Crim. App. 1995).

Serious bodily injury is defined in Tennessee Code Annotated section 39-11-106 as a bodily injury involving substantial risk of death, protracted unconsciousness, extreme physical pain, protracted or obvious disfigurement or protracted or substantial impairment of a function of a bodily member, organ or mental faculty. (Emphasis added). In Sims, the court held that the loss of the victim's teeth could constitute protracted disfigurement, so long as the loss is proven to have been caused by the criminal incident beyond a reasonable doubt. Id. at 49. The evidence clearly supports that the loss of the victim's tooth was caused by the incident, and the Defendant does not dispute that point. A recent case of this court has upheld a conviction requiring proof of serious bodily injury based upon Sims and the victim's loss of two teeth as constituting protracted or obvious disfigurement. See State v. John Wayne Blue, No. 02C01-9604-CC-00124, Madison County (Tenn. Crim. App., at Jackson, May 30, 1997) (No Rule 11 application filed).

In addition to the loss of the victim's tooth and the obvious disfigurement, the victim sustained various severe cuts and bruises to his face. For the laceration, the victim required stitches and eventually needs plastic surgery to correct the distortion to his face. His nose was broken into several pieces. The nose was actually

deviated to the right side of the victim's face, requiring plastic surgery to correct this obvious disfigurement and the damage to his nasal cavities. The victim is still unable to breath normally through his nostrils and will need further surgery. In <u>Sims</u>, neither stitches for the victim's lacerations nor plastic surgery for her broken nose was necessary for treatment of her injuries. <u>Sims</u>, 909 S.W.2d at 49.

In the light most favorable to the State, we find that a rational trier of fact could have found the essential elements of aggravated assault beyond a reasonable doubt based upon the loss of the victim's tooth, the scar on his face, and the protracted disfigurement of his nose. <u>See</u> <u>State v. Sisk</u>, No. 03C01-9410-CR-00367, slip op. at 9, Cocke County (Tenn. Crim. App., at Knoxville, Jan. 17, 1997), <u>perm</u>. <u>to</u> <u>appeal</u> <u>denied</u>, (Tenn. 1997). This issue has no merit.

The Defendant also argues that the trial court erred by instructing the jury on the lesser grade offense of reckless aggravated assault. Defendant alleges that the statute for that offense was not in effect at the time the crime was committed. While the Defendant failed to include the charge to the jury in the record, it is clear that the Defendant was convicted pursuant to Tennessee Code Annotated section 39-13-102(a)(2).

Defendant argues that the statute came into effect on November 1, 1996. Public Act 1993, Chapter No. 306 amended the offense of aggravated assault to include the commission of assault with a reckless intent, and this Act took effect on May 12, 1993. As Defendant committed the offense on October 30, 1993, this issue has no merit.

We affirm the judgment of the trial court.

-7-

_____
THOMAS T. WOODALL, Judge


CONCUR:


_____
JOHN H. PEAY, Judge


_____
DAVID H. WELLES, Judge